IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN TILLMAN also known as FREDERICK TILLMAN,<br>　　　　　　　Plaintiff<br><br>　　vs.<br><br>KEEFE COMMISSARY NETWORK SALES; JAMES DOLHI, Manager Keefe Commissary Network Sales,<br>　　　　　　　Defendants | )<br>)<br>)<br>)<br>) Civil Action No. 09-1527<br>) Chief U.S. Magistrate Judge Amy Reynolds Hay<br>)<br>)<br>)<br>) |

### REPORT AND RECOMMENDATION

#### I.   RECOMMENDATION

It is respectfully recommended that this matter be dismissed for failure to prosecute.

#### II.   REPORT

On April 17, 2009, John Tillman ("Tillman"), who, at the time, was an inmate in the Allegheny County Jail, filed a Motion to Proceed in forma pauperis [Doc.1]. On December 1, 2009, before disposition of that Motion, Tillman filed a Notice of change of address [Doc. 2] with the Court, indicating that he had been transferred to the correctional facility at Cove Forge. On February 9, 2010, an Order [Doc.3] was issued, granting Tillman's Motion. His Complaint [Doc.4] and his Consent to Trial/Jurisdiction by the Magistrate Judge [Doc. 5] were filed on the same date. A copy of the Order was sent to Tillman at the Cove Forge address, the last address provided to the Court. That document was returned to the Court by the United States Post Office marked "return to sender, refused, unable to forward." The Court has not received any other communication from Tillman. Because the Court is unable to communicate with Tillman, it recommends that this matter be dismissed for failure to prosecute.

Punitive dismissal of an action is left to the discretion of the Court. <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992). In exercising its discretion, the Court must consider the following six factors set forth in <u>Poulis v. State Farm Fire and Cas.Co.</u>, 747 F.2d 863, 868 (3d Cir.1984):

(1)  The extent of the party's personal responsibility;

(2)  The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3)  A history of dilatoriness;

(4)  Whether the conduct of the party or the attorney was willful or in bad faith;

(5)  The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6)  The meritoriousness of the claim or defense.

"Not all of these factors need be met for a district court to find dismissal is warranted." <u>Hicks v. Feeney</u>, 850 F.2d 152, 156 (3d Cir. 1988). The Court finds that in this case the <u>Poulis</u> factors favor dismissing Tillman's Complaint.

Since filing a Notice of Address more than three and one-half months ago, Tillman has not communicated with the Court. His interim failure to supply an address where he can receive mail appears to constitute dilatory conduct and a lack of personal responsibility that may well rise to the level of bad faith.

As they have yet to be served, there is no real prejudice caused to the Defendants by Tillman's failure to supply a good address. Whether his claim has merit is unknown. Thus, these <u>Poulis</u> factors are neutral.

<u>Poulis</u> last directs the Court to consider the effectiveness of sanctions other than

2

dismissal.  Since the Plaintiff has been granted in forma pauperis status, monetary sanctions would be meaningless.  More fundamentally, however, dismissal is appropriate because this case cannot proceed without Tillman's participation.  Because the Court has no way to communicate with him, it is respectfully recommended that Tillman's Complaint be dismissed.  No other sanction will serve justice.  <u>Mindek</u>, <u>supra</u>; <u>Titus v. Mercedes Benz</u>, 695 F.2d 746 (3d Cir. 1982).

Pursuant to the Magistrate Judges Act, 28 U.S.C.  § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the Plaintiff may file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to do so may constitute a waiver of any appellate rights.

    Respectfully Submitted,

    <u>/s/ Amy Reynolds Hay</u>
    Chief United States Magistrate Judge

Dated: March 17, 2010

cc:    John Tillman
    Cove Forge BHS
    202 Cove Forge Road
    Williamsburg, PA 16693